HUGH R. YOUNG v. P. D. SMITH.

The plaintiff alleged in his petition, that at the special instance and request of P. D. S., guardian of the estates and persons of G. and M. S., minors, he furnished board and goods to said minors; and attached separate accounts for the same to the petition, as parts thereof, which purported to be against said P. D. S., guardian; these were sworn to, as just and correct, by plaintiff, and were endorsed, "presented to me and rejected, P. D. S., guardian;" and plaintiff alleged, that said P. D. S., guardian as aforesaid, thereby became indebted, &c., and prayed for judgment against said P. D. S. : *Held*, that the suit was properly brought against P. D. S. individually, and not as guardian; and the judgment of the District Court, that the suit should abate, because of the joinder of separate causes of action, against said P. D. S., as guardian of said minors, whose estates were separate, and whose persons and estates he represented by distinct and separate authority, was reversed.

ERROR from Guadalupe. Tried below before the Hon. Alexander W. Terrell.

Suit by appellant, against appellee. The petition was filed August 27th, 1857, and alleged, that at the special instance and request of Peter D. Smith, of the county of Guadalupe, and State aforesaid, guardian of the estates and persons of Gertrude and Margaret Smith, minors, the petitioner furnished board, and certain goods, to the said wards of P. D. Smith; and at the special instance and request of said Smith, the petitioner paid tuition, and other fees, for the instruction and education of said wards : all of which would more fully appear by reference to the accounts and receipts thereto appended, marked 'A,' 'B,' and 'C,' and prayed to be taken as a part of the petition. And petitioner averred, that said Peter D. Smith, guardian as aforesaid, thereby became indebted to the petitioner in the sum of $170 06, which he promised to pay, when afterwards requested; and petitioner averred, that said sum was due and wholly unpaid, and said Smith had wholly failed and refused, and still fails and refuses to pay the same, or any part thereof: wherefore petitioner prayed judgment against said Peter D.

Smith, for the sum of $170 06, interest and costs. And petitioner will ever pray.

'A.'

Peter D. Smith, guardian of the estate and person of Margaret
Smith, minor heir of C. A. Smith, deceased,

To Hugh R. Young, Dr.

| | |
|---|---:|
| To board from 1st of August, 1855, to the 1st of August, 1856, at $5 per month, - · - - | $60 00 |
| From 10th of December, 1856, to 25th of May, 1857, at $5 per month, - - - - - | 25 00 |
| Tuition fees in Paine Female Institute, - - | 13 00 |
| Goods bought for her, - - - - | 3 86 |
| | $101 86 |

The State of Texas, ⎱ I, H. R. Young, solemnly swear that
Guadalupe county. ⎰ the foregoing account is just and correct, all proper credits having been given.

Sworn to and subscribed this ⎱          HUGH R. YOUNG.
Aug. 5, 1857, before me. ⎰
          A. N. ERSKINE, Cl'k C. C.
          By A. R. MOORE, D. C.

The above account was presented to me, and rejected.
          PETER D. SMITH, Guardian.

Exhibit 'B' was a similar account against said Peter D.
Smith, guardian of the estate and person of Gertrude Smith,
amounting to $68 20, with authentication and rejection as on
exhibit 'A.'

'C.'

Gertrude and Margaret Smith,
          To Trustees of Paine Female Institute, Dr.

[Here followed the items of the account, amounting to $20 75.]

March 16, 1856. Received payment of Hugh R. Young.
          GEORGE W. McCLANAHAN.

Appellee pleaded in abatement, that said minors, Gertrude and Margaret Smith, had separate estates, and that separate letters of guardianship were granted him for the persons and estates of each of said minors; and if any debt was due plaintiff from said minors' estates, they are separate and distinct debts. Upon the trial, the matters pleaded in abatement being admitted, the court overruled the plaintiff's exceptions to the plea, and dismissed the suit.

*Jno. Ireland,* for plaintiff in error.

*Smith* and *Campbell,* for defendant in error.

BELL, J. The petition, in this case, does not seek to charge the estates of the minors. The petition would be insufficient, for that purpose, because it does not contain the necessary allegations, that the debts were reasonable and proper for the minors, through their guardian, to contract. The petition alleges that Peter D. Smith is indebted to the petitioner; that the petitioner furnished board, and certain goods, to the wards of P. D. Smith, at the special instance and request of said Smith; and that said Smith, guardian as aforesaid, thereby became indebted to petitioner, in the sum of one hundred and seventy $\frac{6}{100}$ dollars. The prayer of the petition is, for judgment against said Smith for the said sum, &c.

The petition does not pray for judgment against the estates of the minors, or for judgment against the guardian, to be paid out of the estates of the minors.

The guardian could, undoubtedly, make himself personally and individually responsible for the board of his wards, and for goods furnished to them; and this is precisely the case stated in the petition. It was no matter, therefore, that Smith was the guardian of two separate estates, and that his guardianship of the one estate, was distinct from his guardianship of the other. If the petition had sought to charge the estates of the minors, the plea in abatement would have presented a serious

question for the consideration of this court.  But the petition only sought to make Smith liable for board of the minors, and for goods furnished to them, at his special instance and request; and the plea in abatement, presented no proper question for the consideration of the court.  The demurrer to the plea ought to have been sustained.  The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.